## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

           **v.**                    **Criminal No.** 18-273 (FAB)

LUIS NELSON MEDINA-ORTIZ,

      **Defendant.**

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Luis Nelson Medina-Ortiz ("Medina")'s motion for leave to raise an entrapment defense. (Docket No. 163)  For the reasons set forth below, Medina's motion is **DENIED without prejudice.**

## I.   Background[1]

On March 20, 2018, an undercover FBI agent named "Rolianis" posted an advertisement on craiglist.com.  (Docket No. 165 at p. 2.)  This advertisement stated the following:  "Bored.  On Spring break in PR.  What's gud?  Been boring so far! . . . looking for fun.  Ideas??"  (Docket No. 165, Ex. 2 at p. 3.)[2]  That same

---

[1] Federal Bureau of Investigation ("FBI") Special Agent Kellen McGee ("McGee") filed an affidavit in support of the criminal complaint.  (Docket No. 1, Ex. 1.)  The factual allegations set froth in this Opinion and Order derive from this affidavit, the pleadings, and Medina's alleged conversations with an undercover FBI agent.

[2] The conversations between Medina and the undercover FBI agent are fraught with misspelled words and grammatical errors.  Accordingly, these conversations are quoted *verbatim*.

day, Medina responded with a photo of his face.  <u>Id.</u>  On March 21,
2018, Rolianis responded, "nice pic!!! where r u? [. . .] I am 14
yo. is that ok?"  <u>Id.</u> at pp. 3—5.  Medina informed Rolianis,
however, that he "[doesn't] go out with minors."  <u>Id.</u> at p. 6.

Medina again contacted Rolianis *via* e-mail despite his
alleged aversion to dating minor females.  Medina and Rolianis
then engaged in an online conversation from March 21, 2018 to
March 24, 2018:

> **Medina:**  Hi
>
> **Rolianis:** hi!
>
> **Medina:**  Hi what you doing tonight?
>
> **Rolianis:** Hi!!! I'm out with my parents right now.  U?
>
> **Medina:**  Hi bb how are you are you busy??
>
> **Rolianis:** Nope! How r u?  Email sux.  Wanna text me?
>            Good thx! How r u?
>
> **Medina:**  I'm bore can I go pick u up?  Give me your #
>            so I be able to text you girl
>
> **Rolianis:** Hi!! It's 4133442354 [. . .] I wish! But I'm
>            with my parents in the hotel.  I am free
>            tomorrow or Tuesday?

(Docket No. 165, Ex. 2 at pp. 1-5).  The undercover FBI agent also
sent a photo of a teenage girl sitting against a wall wearing a
jacket and shorts.  <u>Id.</u> at p. 6.  The girl's face is not identified
in the photo.  <u>Id.</u>

Subsequently, Medina initiated the following text message conversation with Rolianis:

**Medina:**   Hi how are you?

**Rolianis:** hi!! Good thx u?

**Medina:**   Ok for the most What you up to bb?

[. . .]

**Rolianis:** you must talk 2 a lot of girls

**Medina:**   Not really I just traying to find somebody to talk to See you were with your parent when I texted you

**Rolianis:** ohhhh yeah! how r u?

**Medina:**   I'm bored

**Rolianis:** whats your name?

**Medina:**   Nelson and yours?

**Rolianis:** very handsome

**Medina:**   Thankyou very much Can I see one [photo] of you?? ????

[. . . ]

**Rolianis:** how old r u?

**Medina:**   Too old

[. . .]

**Rolianis:** I kno u said u were old does it mattet how old i am?

**Medina:**   Not at all

**Rolianis:** ru sure? u might thin im 2 young 4u I sent a
pic

**Medina:** Ok let me take a look [eyeball emoji] at it
I can't even see your face What are you  doing
girl??

**Rolianis:** obvi I don't send face pics 2 ppl ive
neva met

**Medina:** Ok that's good

**Rolianis:** ru sure im not 2 young 4 u????

**Medina:** No really How old are you?? Porque me hablas
en ingl?s si saves Espa?ol??   Cuantos a?os
tienes??

**Rolianis:** i am 14 i don't really speak Spanish

**Medina:** You have a spanish name and last name Do
you talk to a lot of men's here??

**Rolianis:** I know but i am from massachusetts I am
in isla verde on vacation with my parents

[. . .]

**Medina:** What you really wanted to do??

**Rolianis:** im lookin 2 have fun what do U want 2 do?

**Medina:** How late your parents allowed you in?

**Rolianis:** if they go 2 casino 2morrow tbey will be
out late

**Medina:** If you wanted I go pick you up??

**Rolianis:** what would we do 2gether?  id like that
where would we go?

[. . .]

**Medina:**     I don't think I wanted you to have any alcohol

**Rolianis:** y not?

**Medina:**     I don't want to get in any trouble and I don't wanted anything bad to happen to you I'll treat you like my daughter

**Rolianis:** y would we get into trouble?

**Medina:**     By you getting drunk

**Rolianis:** i already have a daddy

**Medina:**     I mean with respect

**Rolianis:** that's why i posted the ad im tired of high school boys treating me like shit looking 4 someone mature no better time than on vacation away from home lol

**Medina:**     Well I'm willing to go and meet and if you want we go out and try having some fun

**Rolianis:** I will only be able 2 go out at night when my parents are out what would we do?

**Medina:**     We could go cursing to show you around and you decide from there

                        [. . .]

**Rolianis:** I cant wait till im old enough to drive I can get my learners permit in less than 2 years

**Medina:**     That's around the corner

                        [. . .]

**Rolianis:** but i kno my parents r going to the casino tmrrw nite

**Medina:**     Let me know what you wanted me to do [eye emoji]

**Rolianis:** lol ur the one with all the experience!!! I
          dont have much experience :(

**Medina:**   You so bad

**Rolianis:** am I ??????

**Medina:**   Yes you are You like bubbles ???

**Rolianis:** obvi who doesnt?? thats a funny question

**Medina:**   Jacuzzi

**Rolianis:** ahhhh i c LUV jacuzzis

**Medina:**   Yes I treat you to

**Rolianis:** where?

**Medina:**   It's a lots of them

**Rolianis:** it would have 2 be close 2 my hotel

                         [. . .]

**Rolianis:** i keep thinking about that hotel room

**Medina:**   You really want to go over??

**Rolianis:** do u????

**Medina:**   Don't ask me twice lol

                         [. . .]

**Rolianis:** if we go 2 hotel what would I need 2 bring?

**Medina:**   Nothing really unless you want to bring your
          swimming suit

**Rolianis:** do i need it for the jacuzzi?

**Medina:**   if you want to that's up to you

**Rolianis:** I want you 2 tell me what 2 do :)

**Medina:**    You got my hear beating fast again

                        [. . .]

**Medina:**    Do you have any fantasy's you like to fulill??

**Rolianis:** i told you im inexperience was hoping you had
              ideas?

**Medina:**    I don't really want to text overhear its not
              right, my get us in trouble

**Rolianis:** Don't you think??

**Medina:**    I don't really know who's over the other side

**Rolianis:** its jus me!!

**Medina:**    Send me a picture would you please

                        [. . .]

**Medina:**    Are you really going?? Or you just playing
              with my mind????

**Rolianis:** r u realy coming???

**Medina:**    Yes girl I told you I'm living realy so I be
              there when you tell me I asked God to forgive
              me but at the same time I thanks him for
              sending you my way I was stressing for real I
              needed something like this to happen HE knows
              how to do things when they needed to be done

**Rolianis:** i dont play games or wit minds thats why I
              hate high school boys

                        [. . .]

**Rolianis:** can i ask u sumthin?

**Medina:**    Yea

**Rolianis:** ru safe?

**Medina:**     Yes definitely

**Rolianis:** bc i am inexperience and don't want 2 get sick

**Medina:**     Bb trust me I'm not like that safe first before
                anything I been around too long . . . !

**Rolianis:** ok good how will we be safe?

**Medina:**     Not doing anything wrong

**Rolianis:** will it hurt?

**Medina:**     What   are   you   talking   about   I   don't
                understand??

**Rolianis:** ru big?

**Medina:**     Gess what a Mexican girl told me one time??

**Rolianis:** what????

**Medina:**     That Spanish gays don't' have anything to ency
                off of black guys

                            [. . .]

**Rolianis:** im just nervous bc i kno a lot of guys try
                weird shit

**Medina:**     I won't tried mnothing but to please you

**Rolianis:** u said u were safe . . . would u be able to
                bring condoms???

**Medina:**     Yes

**Rolianis:** ok

                            [. . .]

**Medina:**     Have yo9u been with a men before or with
                someone your age??

> **Rolianis:** ive had sex a couple of times with by ex bf
> but it sucked he is why I don't like high
> school boys they r too into themselves
>
> **Medina:**  Ok i see
>
> **Rolianis:** is that ok that ive had sex b4?
>
> **Medina:**  Yes
>
> [. . . ]
>
> **Medina:**  It would be easier that way
>
> **Rolianis:** how would it be easier?
>
> **Medina:**  For you not being virgin

(Docket No. 163, Ex. 4 at pp. 1-21.)

On March 28, 2018, the FBI recorded a phone conversation between Medina and "Rolianis." (Docket No. 165 at p. 4.) She asked Medina what he intended to do inside the hotel room. Id. He responded:

> What do you want me to do to you, do you want to make
> love, make sex . . . if your are cool with it, we do it
> . . . when you said you were 14, I thought they were
> going to come to my house and arrest me.

Id. at pp. 4-5. Later that day, Medina instructed Rolianis to meet him at the intersection of Isla Verde Avenue and Calle Tartak. Id. at p. 5. FBI agents subsequently observed Medina drive a gray Toyota scion on Isla Verde Avenue heading toward this location. Id. at p. 5. The agents arrested Medina at a nearby gas station. Id.

A  grand  jury  returned  an  indictment  on  April  14,  2018,
charging  Medina  with  attempted  coercion  and  enticement  of  a  minor
in  violation  of  18  U.S.C.  §  2422(b)  (count  one),  and  attempted
transportation  with  intent  to  engage  in  criminal  sexual  activity
in  violation  of  18  U.S.C.  §  2423(a)  (count  two).   (Docket  No.  12.)
Medina  requests  authorization  from  the  Court  to  present  an
entrapment  defense.   (Docket  No.  163.)   The  United  States
responded.   (Docket  No.  165.)

## II.  Entrapment

Entrapment  is  an  affirmative  defense  in  criminal
prosecutions.  United States v. Dumas, 207 F.3d 11, 17 (1st Cir.
2000) (citation omitted).   This common law doctrine is applicable
when  government  officials  "implant  in  the  mind  of  an  innocent
person  the  disposition  to  commit  the  alleged  offense  and  induce
its  commission  in  order  that  they  may  prosecute  [him or her]."
United States v. Walter, 434 F.3d 30, 35 (1st Cir. 2006) (quoting
Sorrells v. United States, 287 U.S. 435, 442 (1932)).  A defendant
cannot  raise  an  entrapment  defense  without  leave  from  the  Court.
See United States v. Luisi, 482 F.3d 43, 58 (1st Cir. 2007) ("A
judge  may  only  instruct  the  jury  on  entrapment  if  the  defendant
meets  his  entry-level  burden  of  production.").   To  invoke  this
defense,  Medina  must  establish  that  (1)  "government  agents
improperly  induced  a  crime,"  and  that  a  person  (2)  "was  not  already

predisposed to commit" the offense.   United States v. Rivera-Ruperto, 846 F.3d 417, 433 (1st Cir. 2017).   If a defendant satisfies this threshold burden, the United States mut prove beyond a reasonable doubt that "the government did not wrongfully induce the accused to engage in criminal conduct **or** that the accused had a predisposition to engage in such conduct absent the inducement." United States v. DePierre, 599 F.3d 25, 27 (1st Cir. 2010) (emphasis in original).

Improper inducement constitutes an "opportunity" to violate the law "plus something else – typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive." United States v. Pérez-Rodríguez, 14 F.4th 1, 17 (2021) (citation and quotation omitted) (emphasis in original).   An entrapment instruction is warranted if the evidence, when viewed in the light most favorable to the defendant, "makes [the entrapment defense] plausible or superficially reasonable."   Id. at 19 (internal citation and quotation marks omitted); see United States v. Gamache, 156 F.3d 1, 9 (1st Cir. 1998) ("A criminal defendant is entitled to an instruction on his theory of defense so long as the theory is a valid one and there is evidence in the record to support it.").   Medina shoulders a substantial burden.   United States v. Santiago, 566 F.3d 56, 68 (1st Cir. 2009) (noting that

an entrapment defense is "not easily established"); <u>United States</u> <u>v. DePierre</u>, 599 F.3d 25, 27-28 (1st Cir. 2010) ("[The] threshold that must be met to show wrongful inducement is a high one. [Sting operations] 'induce' crimes, if that word is used in the lay sense. But it is settled that only undue pressure or encouragement are forbidden."); <u>but see</u> <u>United States v. Gamache</u>, 156 F.3d 1, 8 (1st Cir. 1998) (noting that the preliminary burden to raise an entrapment defense is "not a very high standard to meet, for in its present context, to be 'plausible' is to be 'superficially reasonable'").

**III. Medina is Not Entitled to an Entrapment Defense Based on the Proffered Evidence**

The record is devoid of evidence suggesting that the United States induced Medina to commit a crime. Based on the facts adduced by the parties, Medina responded to the craigslist advertisement on his own volition. After learning that "Rolianis" was 14 years old, he continued to pursue her. According to Medina, "it took the undercover agent six (6) days to provide the woman's age." (Docket No. 163 at p 4.) This statement is false. Rolianis informed Medina that she was 14 years old on March 21, 2018, only one day after their initial e-mail exchange. (Docket No. 165, Ex. 1 at p. 5.) Medina then apologized, stating "Sorry don't go out with minors." <u>Id.</u> at p. 6. But he abandoned this position

with breakneck speed, responding to the **same** advertisement for a second time.  Rolianis, the fictional minor female, did not age four years in the span of a few hours.

The conversations between Medina and Rolianis contain a myriad of evidence pertaining to the participant's age.  For instance, Rolianis asked if "it [mattered] how old [she was]." (Docket No. 163, Ex. 4 at p. 3.)  Medina answered "no."  Id.  The photo sent by the undercover agent is of a woman appearing to be a teenager.  (Docket No. 165, Ex. 2 at p. 5.)  Rolianis claimed to have visited Puerto Rico with her parents during spring break, another indication of her youth.  She expressed disdain for "high school boys," planned to "get [her] learner's permit in less than 2 years," and stated that she was "too young to get into bars." (Docket No. 163, Ex. 4 at pp. 4, 5 and 7.)  Accordingly, the age of the minor female in this case is apparent.

The Court cannot discern how, presuming that Medina is correct, a six-day delay in disclosing Rolianis' age is significant.  The undercover FBI agent sent a text message on March 26, 2018 to Medina, confirming Rolianis' exact age.  (Docket No. 163, Ex. 4 at p. 3.)  After this disclosure, Medina offered to "pick [Rolianis] up" and inquired about her hotel information. Id. at pp. 2 and 8.  No one coerced him to engage in a sexually explicit conversation with whom he believed to be a female minor.

The only reluctance conveyed by Medina concerned the possibility of detection by the authorities, not the prospect of having sexual relations with a minor female.  See Docket No. 163, Ex. 4 at p. 12 ("I don't want to text overhear it's not right, [may] get us in trouble").

The FBI deceived Medina, assuming the identity of a 14-year-old girl.  But sting operations "by their [very] nature often involve government manipulation, solicitation, and, at times, deceit."  United States v. Teleguez, 492 F.3d 80, 85 (1st Cir. 2007).  The FBI merely provided Medina with an opportunity to commit a crime:  This is not entrapment.  See United States v. Gifford, 17 F.3d 462, 468 (1st Cir. 1994) ("Neither mere solicitation nor the creation of opportunities to commit an offense comprises inducement as that term is used in entrapment jurisprudence.")  Absent from the record is any evidence demonstrating the presence of a "plus factor," such as threats, intimidation or "dogged insistence."  United States v. Dávila-Nieves, 670 F.3d 1, 10 (1st Cir, 2012) (affirming the denial of an entrapment defense, holding that the defendant "not only broached the topic of engaging in sexual relations, but also followed through by attempting to meet for that purpose") (citation and quotation omitted).  Because no reasonable jury could find that the craigslist advertisement and ensuing conversations constitute

undue inducement, Medina's request for an entrapment defense instruction is **DENIED WITHOUT PREJUDICE** to his right to renew this request at the close of the evidence.[3]

## IV. Conclusion

For the reasons set forth above, Medina's motion for leave to raise an entrapment defense is **DENIED WITHOUT PREJUDICE.** (Docket No. 163.) Medina shall not refer to entrapment during his opening statement, should he choose to make one. He may, however, renew his request based on the evidence ultimately adduced at trial.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 28, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Medina failed to demonstrate improper inducement. Consequently, the Court need not address whether he possessed a predisposition to commit the offenses charged in the indictment. See United States v. Sánchez-Berríos, 424 F.3d 65, 77 (1st Cir. 2005) (affirming the denial of the defendant's request for an entrapment defense based solely on the absence of improper inducement).