IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. NELSON MEDINA-ORTIZ, **Defendant.** | **Criminal No.** 18-273 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Nelson Medina-Ortiz ("Medina")'s motion to dismiss the indictment pursuant to the Sixth Amendment of the United States Constitution and the Speedy Trial Act. (Docket No. 252.) For the reasons set forth below, Medina's motion to dismiss is **DENIED**.

I.  Background

A grand jury returned an indictment on April 17, 2018, charging Medina with attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) (count one), and attempted transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. section 2423(a) (count two). (Docket No. 12.) Medina appeared before United States Magistrate Judge Silvia Carreño-Coll for his arraignment on April 24, 2018. (Docket

No. 14.)  The magistrate judge held, however, that Medina was "not competent to understand [this proceeding]."  Id.

For the next three years, medical professionals performed a battery of psychiatric evaluations to determine whether Medina "[understood] . . . the proceedings against him." 18 U.S.C. § 4241(a); see Docket Nos. 18, 21, 28, 32, 35, 39, 46, 47, 75 and 85.  The COVID-19 pandemic commenced in March 2020, prompting the United States Bureau of Prisons to modify or halt certain services "in an attempt to limit the spread of the virus."  (Docket No. 103 at p. 1.)  Accordingly, psychiatric evaluations required additional time to comply with safety protocols.  Id.

Four defense counsel appeared on behalf of Medina, but subsequently withdrew from this litigation.  See Docket Nos. 7 and 63 (Assistant Federal Public Defender Lauren Rosen Notice of Appearance and Motion to Withdraw); Docket Nos. 62 and 100 (Attorney Jos Franco-Rivera Notice of Appearance and Disbarment Order); Docket Nos. 113 and 131 (Assistant Federal Public Defender Yasmín Irizarry Notice of Appearance and Removal Order); Docket Nos. 133 and 220 (Attorney Thomas Trebilcock-Horan Notice of Appearance and Motion to Withdraw).  These appearances have consumed considerable time, requiring each attorney to assess the facts of this case.  In fact, Medina's current defense counsel is Melanie Carrillo-Jiménez.  (Docket No. 224.)  She requested that

Criminal No. 18-273 (FAB)                                                     3

pending motions "be held in abeyance" for 30 days "to review all discovery." (Docket No. 226.)

During this timeframe, Medina moved for the Court to schedule his arraignment. (Docket No. 45.) On April 16, 2019, Magistrate Judge Marshal D. Morgan "found [Medina] competent to understand the [arraignment proceeding]." (Docket No. 45.) Medina entered a plea of not guilty. Id.

The parties subsequently engaged in plea negotiations, requesting that the Court extend discovery deadlines and continue trial on eight occasions. (Docket Nos. 49, 53, 57, 60, 68, 101, 121 and 126.) On October 1, 2021, Dr. David Szyhowski determined that Medina "does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel." (Docket No. 117 at p. 13.)

Medina moved for a change of plea on May 20, 2022. (Docket No. 138.) He then filed six motions to continue, however, citing outstanding discovery requests. (Docket Nos. 139, 142, 144, 151, 154 and 157.) At the change of plea hearing held on August 17, 2020, Medina reversed course, maintained his innocence, and exercised his right to a jury trial. (Docket No. 160.) The Court subsequently denied Medina's motion to assert an entrapment

Criminal No. 18-273 (FAB)                                                    4

defense.  See United States v. Medina-Ortiz, 633 F. Supp. 3d 531 (D.P.R. 2022) (Besosa, J.).

On October 3, 2022, Medina again moved for a change of plea. (Docket No. 168.)  On the day of this hearing, defense counsel informed the Court that "Medina refused to inform [his attorney]" of his intentions to plead guilty.  (Docket No. 171 at p. 1.) Consequently, the Court set trial for January 10, 2023.  (Docket No. 174.)  A week before trial, Medina filed a third motion to change his plea.  (Docket No. 177.)  Magistrate Judge Marcos E. López held the appurtenant hearing on January 4, 2023.  (Docket No. 181.)  Because Medina "[felt] dizzy" and "[experienced] pain in his upper back," the magistrate judge determined that "the defendant was not in a condition to enter a guilty plea in a voluntary, knowing and intelligent manner."  (Docket No. 181.)

Medina moved for a second competency evaluation on January 10, 2023, averring that he suffered from severe physical pain.  (Docket No. 193.)  The Court granted this motion, ordering that Medina undergo additional mental evaluations.  (Docket No. 194.)  Just three days later, Medina again moved for a change of plea.  (Docket No. 195.)  After the courtroom deputy clerk placed Medina under oath, he "informed that he was feeling dizzy and nauseous."  (Docket No. 195.)  A week later, Medina requested a jury trial.  (Docket No. 196.)

Criminal No. 18-273 (FAB)                                              5

On March 31, 2023, Medina filed a fifth change of plea motion. (Docket No. 198.)  He pled guilty before Magistrate Judge Giselle López-Soler on April 5, 2023.  (Docket No. 205.)  Medina then moved to withdraw his guilty plea, however, contending that defense counsel "pressured" him to sign the plea agreement.  (Docket No. 207 at p. 1.)  The Court granted this motion on August 21, 2023.  (Docket No. 237.)

Medina moves to dismiss the indictment, asserting that this Court permitted pleadings to languish on the docket in violation of the Speedy Trial Act.  (Docket No. 252 at p. 6.)  He misconstrues the record and presents a deficient analysis of the applicable legal framework.

## II. The Speedy Trial Act

Congress enacted the Speedy Trial Act in 1974 to "protect a defendant's constitutional right to a speedy trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Santiago-Bercerril, 130 F.3d 11, 14 (1st Cir. 1997) (internal citation and quotation omitted); United States v. Bailey-Snyder, 923 F.3d 289, 295 (3rd Cir. 2019) (noting that "the Speedy Trial Act [gives] effect to the Sixth Amendment's speedy trial guarantee by setting limits within which trials must

begin."); see 18 U.S.C. §§ 3161 *et seq*.[1]  Pursuant to the STA, Medina must stand trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date [he] appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).[2]  Failure to commence trial within this seventy-day timeframe requires dismissal of the indictment "on motion of the defendant."  18 U.S.C. § 3162(a)(2).  Medina shoulders the burden of establishing an STA violation.  See 18 U.S.C. § 3162(a)(2); see United States v. Spagnuolo, 469 F.3d 39, 43 (1st Cir. 2006) ("The defendant shall have the burden of proof of supporting [an STA motion] but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time.").

Although the statutory deadlines are defined in express terms, Congress nevertheless recognized that delay may occur for legitimate reasons.  See United States v. Vogl, 374 F.3d 976, 986 (10th Cir. 2004) (noting that "Congress sought to structure a method of calculating time which would reasonably and practically,

---

[1] The constitutional and statutory rights to a speedy trial are distinct.  United States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999); see, e.g., United States v. Pereira, 312 F. Supp. 3d 262, 278 (D.P.R. 2018), Crim. No. 12-413, Docket No. 2226 (May 30, 2018) (although there was no STA violation, the Court dismissed all charges against defendant Pedro San Lucas with prejudice pursuant to the Sixth Amendment) (Besosa, J.).

[2] For purposes of the STA, "trial generally commences when *voir dire* begins." United States v. Brown, 819 F.3d 800, 815 (6th Cir. 2016) (citation omitted).

Criminal No. 18-273 (FAB)                                              7

although not necessarily directly, relate to the just needs for pretrial preparation in a particular case"). Indeed, the STA "contemplates that certain periods of time will be excluded from the computation." United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996); Zedner v. United States, 547 U.S. 489, 497 (2006) ("To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start.").

Time is excluded from the Speedy Trial clock for, *inter alia*, "proceedings concerning the defendant." 18 U.S.C § 3161(h)(1); see United States v. Mitchell, 723 F.2d 1040, 1045 (1st Cir. 1983). The term "other proceedings" is expansive, including "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. §§ 3161(h)(1)-(9). "Proceedings . . . under advisement by the court" toll the STA clock for "any period, not to exceed thirty days." Id. § 3161(h)(1)(H). A motion is "actually under advisement" when the "court receives all the papers it reasonably expects." Henderson v. United States, 476 U.S. 321, 329 (1986).

### III. Discussion

Medina moved to withdraw his guilty plea on May 1, 2023, an event of significant consequence for purposes of the STA. (Docket No. 207.) Motions to withdraw present the potential of abuse by

Criminal No. 18-273 (FAB)                                                    8

defendants with vacillating tendencies.  Before enactment of the STA, Attorney General William Rehnquist advised Congress that:

> [A] defendant could withdraw his plea after the expiration of the time limits and move for dismissal. Similarly, he could withdraw his plea late in the time limits and leave the Government with little time to prepare its case in order to meet the time limit.

28 Moore's Fed. Practice, Crim. Pro. § 650.05 (2023); see United States v. Mentz, 840 F.2d 315, 331 (6th Cir. 1998) ("When a defendant notifies the government of his proposed change of plea, the government in many instances will suspend its trial preparations . . . [and when] the proposed change is eventually retracted, the district court will often be unready to proceed to trial, necessitating further delay"); United States v. Solorzano, 368 F.3d 1073, 1078 (9th Cir. 2004) (noting that defendants might "game the system by reacting favorably to a government's plea offer . . . then after reneging on his part of the bargain, complain that the government failed to obtain an indictment within the appropriate timeframe.") (internal citation and quotation omitted).

To prevent calculated misuse of the STA, Congress enacted 18 U.S.C. § 3161(i).  Pursuant to this provision, "the defendant shall be deemed indicted with respect to all charges . . . on the day the order permitting withdrawal of the plea becomes final."  Id.; see United States v. Mack, 669 F.2d 28, 31 (1st Cir. 1982) ("[The

Criminal No. 18-273 (FAB)                                                                 9

STA] time limits start all over again on the day that a withdrawal of a plea becomes final.") (quoting 120 Cong. Rec. 41623 (1974)); cf United States v. Pringle, 751 F.2d 419, 434 (1st Cir. 1984) (holding that defendants cannot "[work] both sides of the street, lulling the Court and prosecution into a false sense of security only to turn around later and use the . . . leisurely pace of the case as grounds for dismissal").

Medina asserts that the STA clock "started to run" on March 29, 2018, the date of his initial appearance. (Docket No. 252 at pp. 1-2.) This statement is incorrect. Medina's motion to withdraw reset the STA clock. See 18 U.S.C. § 3161(i). Accordingly, the operative date is August 21, 2023. The Court granted Medina's motion to withdraw on that date. Docket No. 237; see, e.g., Solorzano, 368 F.3d at 1079 ("[Under] § 3161(i), [the defendant] was deemed indicted on January 21, 2003, the date on which the order permitting his plea withdrawal became final.").

Medina's motion to dismiss is fraught with generalizations. (Docket No. 252.) He "estimates, conservatively, that . . . 364 days are indisputably non-excludable." Id. at p. 2. The Court need not estimate. The table set forth below, however, demonstrates that Medina's calculations are inaccurate.

Criminal No. 18-273 (FAB)                                           10

## SPEEDY TRIAL ACT CALCULATION

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| August 21, 2023 | 0 | Order Granting Motion to Withdraw Guilty Plea. Docket No. 237; see 18 U.S.C. § 3161(i). |
| August 22, 2023 through August 24, 2023 | 3 | No Exclusion Applicable |
| August 25, 2023 Through August 29, 2023 | 0 | The United States moved to amend the designation of evidence. (Docket No. 18-240.) The Court subsequently issued a disposition. Docket No. 242; see 18 U.S.C. § 3161(h)(1)(D). |
| August 30, 2023 through September 17, 2023 | 19 | No Exclusion Applicable |
| September 18, 2023 through September 19, 2023 | 0 | Medina moved for leave to file a voucher. (Docket No. 245). The court granted this motion the next day. Docket No. 249; see 18 U.S.C. § 3161(h)(1)(D). |
| September 20, 2023 | 1 | No Exclusion Applicable |
| September 21, 2023 through September 22, 2023 | 0 | The United States moved to compel reciprocal discovery. (Docket No. 250.) The Court granted this motion the next day. Docket No. 251; see 18 U.S.C. § 3161(h)(1)(D). |
| September 23, 2023 through September 25, 2023 | 3 | No Exclusion Applicable |
| September 26, 2023 through October 31, 2023 | 0 | Medina moved to dismiss the indictment pursuant to the STA. (Docket No. 252.) The United States filed a response on October 10, 2023. (Docket No. 256.) The Court issued this Opinion and Order on October 31, 2023. See 18 U.S.C. § 3161(h)(1)(D). |

**Speedy Trial Clock Total:**

26 Days of Unexcused Delay

45 Days of Excused Delay

Trial will commence within the mandatory 70-day timeframe. Consequently, Medina's motion to dismiss is **DENIED**.

**The Sixth Amendment Speedy Trial Challenge**

Medina also moves to dismiss the indictment pursuant to the Sixth Amendment. Docket No. 252 at p. 1; see U.S. CONST. amend. VI (all criminal defendants "shall enjoy the right to a speedy and public trial"). He sets forth no analysis regarding this claim, however, citing exclusively to the STA. "A party may not merely mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Accordingly, Medina's Sixth Amendment challenge is waived.

**IV. Conclusion**

For the reasons set forth above, Medina's motion to dismiss is **DENIED**. (Docket No. 252.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 31, 2023.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE